Reversed and rendered with instructions.

Dan SULLIVAN, Individually, et al.,
Appellants,

v.

ANDREWS COUNTY, Texas, et al.,
Appellees.

No. 6383.

Court of Civil Appeals of Texas,
El Paso.

Oct. 23, 1974.

Rehearing Denied Dec. 4, 1974.

Second Rehearing Denied Dec. 31, 1974.

valorem taxpayers seeking a permanent injunction to enjoin Andrews County from purchasing a medical clinic adjoining the County Hospital, and also to enjoin the County from leasing the clinic to certain physicians in the County for their use, and to set aside as void any sale or lease agreement made before a final hearing in the District Court. The trial Court denied the request for an injunction. We affirm.

In October, 1972, the voters of Andrews County, pursuant to Árticle 4478, Vernon's Tex.Rev.Civ.Stat.Ann., passed a bond election in the amount of $2,750,000.00 for the purpose of enlarging and making improvements to the County Hospital. The improvements included a plan whereby the County would purchase a private office building attached to the hospital and belonging to a group of local doctors, for the sum of $138,000.00 to be paid out of such bond money, and then lease the medical clinic back to the local doctors for their use. Subsequently, the County obtained an Attorney General's opinion which concluded that the County had no legal authority to enter into the proposed lease agreement. In June of 1973, legislation was passed which amended Article 4494h and Article 4478 so as to give Counties additional powers in connection with the operation of hospitals and medical facilities.

On July 2, 1973, the Commissioners Court of Andrews County passed an order and resolution finding that it would be in the best interest of the citizens of the County for the clinic to be leased to the local doctors and set a hearing date on the leasing proposal. At the same time, the County entered into an option agreement under which it could purchase the clinic owned by the local doctors. At the time of the hearing in August, 1973, Appellant presented a petition opposing the proposed action and contested the County's authority to enter into the lease agreement. The Commissioners Court subsequently voted to authorize the County Judge to negotiate a lease for the clinic and at that time Appellant filed this suit for an injunction. On

Dan Sullivan, Andrews, for appellants.

Max E. Ramsey, Odessa, Henry F. Guillett, County Atty., Robert E. Barber, G. Bert Smith, Jr., Andrews, for appellees.

## OPINION

OSBORN, Justice.

The Appellant in this case filed suit in the District Court for himself and other ad

August 9, 1973, the County accepted a deed to the clinic and entered into a lease agreement with the doctors.

Upon trial of the case in November, 1973, after both sides closed, the Court withdrew the case from jury consideration and entered judgment for the Appellees.

By his first point of error, Appellant urges that Andrews County had no authority to purchase a private doctors' office with bond money and then lease such premises back to the former owners. This point cannot be sustained because Appellant failed to offer proof that bond money was used for the purchase of the premises. The County Judge testified that the purchase money came from hospital funds on hand and no tax money or bond money was used to purchase the clinic.

By his next two points, Appellant contends that the County did not have authority under Article 4494h, as amended, to purchase the clinic and lease it back for use as doctors' offices. There are three statutes which relate to county health facilities in Andrews County. Article 4494h provides authority for the lease of any county hospital or a portion thereof. Article 4478 gives the Commissioners Court power to establish a county hospital and other medical or health facilities, including the right to call a bond election to establish or enlarge such a hospital or facilities, and this statute gives authority to lease all or part thereof. Article 4437e–1 establishes the right of a hospital authority to lease any hospital or part thereof, owned by said authority.

Clearly, Article 4494h empowers the Commissioners Court to lease a "county hospital or portion thereof," but with the proviso that it "be operated as a hospital by the lessee." In this case, the Appellant offered testimony from the administrator of the hospital in question to the effect that the doctors' clinic, as such, did not have a hospital license, and that in his opinion, the doctors' clinic did not meet the definition of a "hospital" as such a facility is defined in Article 4437e. While Appellees offered testimony to show that patients received better medical care by having the doctor's office attached to the hospital, and that those offices were used as an admitting facility for many patients in the hospital, nevertheless, Appellant did offer some evidence that the clinic as a "portion" of the hospital was not "operated as a hospital." Thus, considering the evidence most favorable to Appellant, the trial Court could not grant an instructed verdict for the Appellees based upon the provisions of Article 4494h because there was some evidence that the portion of the facility which was leased was not operated as a hospital. Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S.W.2d 60 (1953); Seideneck v. Cal Bayreuther Associates, 451 S.W.2d 752 (Tex.1970). Appellees' argument that because both parties filed a motion for an instructed verdict, the trial Court was authorized to dismiss the jury and enter judgment, for one party or the other, is without merit. McDonald, Texas Civil Practice, Vol. 3, Sec. 11.26.

But this is not to say that there was no authority for the Commissioners Court to lease the clinic. Article 4478 clearly gives the Commissioners Court power to establish a county hospital and "any medical or other health facilities." That statute also provides for a bond election to establish or enlarge such hospital or facilities. It also gives the Commissioners Court the power to purchase property for such facilities, to purchase necessary buildings for the use of such facilities, and to lease all or part of any medical facility. The evidence in this case was without dispute that the clinic was purchased and leased for use as a medical and health facility and there was no fact issue for the jury concerning the authority of the Commissioners Court under this statute, since it did not contain language requiring use of such facility as a hospital. Thus, the trial Court could and did properly grant the Appellees' motion for an instructed verdict

under Article 4478 because Appellant's evidence did not raise any fact issue relative to the Commissioners Court's authority under this statute. The Appellant's second and third points are overruled.

■ Appellant next contends any statutory authority to lease the medical facility is unconstitutional. Appellant relies upon Article III, § 52, and Article XI, § 3, of the Texas Constitution, Vernon's Ann.St. A constitutional attack upon Article 4478 was considered in Seydler v. Border, 115 S.W.2d 702 (Tex.Civ.App., Galveston 1938, writ ref'd). In upholding the validity of the statute, the Court concluded that the plenary power of the Legislature to authorize the counties to provide for the care and treatment of the sick is not prohibited by Section 52 of Article III of the Constitution. On motion for rehearing, Justice Graves quoted from Vincent v. State, 235 S.W. 1084 (Tex.Com.App.1921), as follows:

"It is a well-established rule that the court will always lean in favor of the validity of a legislative act; that, if there be a reasonable doubt as to the constitutionality of a statute, the court will solve the doubt in favor of the statute; that, where the Legislature has been left a discretion, the court will assume that the discretion has been wisely exercised; that where the construction of a statute is doubtful it will adopt such construction as will harmonize with the Constitution, and enable it to take effect."

Clearly, a Commissioners Court has authority to grant a privilege to operate a concession stand in a courthouse because of its convenience to both the public and to courthouse employees. Dodson v. Marshall, 118 S.W.2d 621 (Tex.Civ.App., Waco 1938, writ dism'd). Likewise, a Commissioners Court has authority to build, maintain and operate trailer park facilities for public use including the right to issue revenue bonds for that purpose. County of Cameron v. Wilson, 160 Tex. 25, 326 S.W.

2d 162 (1959). They even have the implied power to contract with a private firm for the appraisal of all properties in the County. Pritchard & Abbott v. McKenna, 162 Tex. 617, 350 S.W.2d 333 (1961). Undoubtedly, necessary facilities for the health and well-being of the citizens of the County are as important as any function the Commissioners Court might undertake. And in this case the evidence is without dispute that better medical care is available to hospital patients when the treating physicians have offices in an adjoining facility and are readily available for any emergency. The fact that the County chose to lease the clinic does not result in any violation of a constitutional limitation. Under the terms of the lease, the doctors are paying to the County approximately $58,000.00 for a five-year lease of a facility which cost the County approximately $138,000.00, all of which came from hospital funds. There is no granting of a gratuity, as prohibited by the Constitution, for the County to grant a privilege for which it receives substantial value in return. Dodson v. Marshall, supra. We believe the Commissioners Court acted within the statutory authority granted by the statute and such is a constitutional exercise of power under Article V, § 18, of the Texas Constitution.

Appellant next contends that an affiliation agreement between the County Hospital and Texas Tech School of Medicine has no bearing upon the issues in this case. While we agree with the contention, the point of error presents no legal question for review by this Court and raises no issue constituting reversible error. The point is overruled.

■ By his last point of error, Appellant contends that Article 4478, as amended, in June, 1973, is not applicable to the use of bond funds voted in October, 1972. This point does not present an issue constituting reversible error because, as noted earlier, the record is clear that bond funds were not used to purchase the medical facilities which the County now leases for a valuable consideration.

**414**

■ Appellant suggests that to permit the County to acquire a medical facility in July or August, 1973, with bond money voted in 1972, is to give the provisions of Article 4478 an effect retroactively. Even if the record established that the County purchased the medical facility here involved with bond money voted in 1972 we could not agree. At the time of the bond election, the Commissioners Court clearly had authority to call the election for the purpose of establishing or enlarging its hospital and medical facilities. The parties to this suit stipulated that there is no issue involved in this proceeding whereby the October, 1972, bond election is questioned.

Thus, the issue must resolve itself to whether there existed in July and August, 1973, sufficient statutory authority for the Commissioners Court to acquire and lease the medical facilities attached to its hospital. Clearly, the amendment to Article 4478 in June, 1973, gave the County that authority, and the Commissioners Court did not exercise such authority until after the statutory enactment became effective. Thus, there is no retroactive effect given to the amended Article 4478 by the judgment of the trial Court which in effect held that the Commissioners Court had authority after the amendment of that statute to acquire the medical clinic and lease the medical facilities to the local doctors as was done in this case. The sixth point is overruled.

The judgment of the trial Court is affirmed.

### ON MOTION FOR REHEARING

■ We have carefully considered Appellants' motion for rehearing and it is denied. Appellants suggest that we mistakenly stated in our original opinion that "At the time of the bond election, the Commissioners Court clearly had authority to call the election for the purpose of establishing or enlarging its hospital and *medical facilities.*" The Appellants note that it was only after the bond issue had passed in October, 1972, and Art. 4478, Tex.Rev.Civ. Stat.Ann., was amended in June, 1973, that the Statute contained the words "medical or other health facilities." Insofar as the literal wording of the Statute is concerned, Appellants are correct. But we believe that even before the amendment of Art. 4478 a County hospital would be a "medical facility," although the reverse is not necessarily true because a "medical facility" may not always be a hospital as noted in our original opinion.

The motion for rehearing is denied.