

# THE ATTORNEY GENERAL
## OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 28, 1976

The Honorable C. W. Karisch
County Attorney
Waller County
Hempstead, Texas  77445

Opinion No. H-912

Re:  County contracts with physicians to practice in county medical clinics.

Dear Mr. Karisch:

You have requested an opinion concerning the ability of

> the Commissioners Court of Waller County
> Medical Center (Rural Outreach Project)
> to contract with certain physicians to
> practice in the clinic.

Your accompanying brief specifically raises issues concerning whether the making of such a contract is within the power of the commissioner's court and whether the proposed contract would constitute an illegal use of county and federal monies and facilities under article 3, section 52 or article 11, section 3 of the Texas Constitution.

Under the terms of the proposed contract the Waller County Medical Center Clinic, a facility of Waller County, would agree to pay the clinic physician $3,333.33 monthly, such payment being derived from fees charged to the Clinic's patients for physician's services they receive in accordance with their ability to pay.  The Clinic would be responsible for fee billing and collection, and fees so derived would be placed in a special physician's fee account.  Any fees in excess of the initial amount to be paid to the physician would be paid to the Clinic as partial reimbursement for expenses incurred in providing services set out in the contract, and any funds over and above such reimbursement would be divided equally between physician and Clinic until the Clinic's monthly overhead is met.  Any remaining funds would be disbursed to the physician.

The contract provides that the Clinic shall maintain staff to provide nursing services, bookkeeping and accounting services, janitorial services, maintenance of the grounds and administrative services.  In addition, the Clinic is to provide the physician with office and clinical space, equipment, supplies and personnel.  According to your brief, the office and clinical space will be provided by the county in recently constructed medical clinic offices adjacent to the County Hospital.  The contract specifies that the obligations of the Clinic are to be met solely with funds obtained from a Department of Health, Education and Welfare grant.  We assume that the funds received under the federal grant will become county monies with the restriction that they be used for the purpose for which the grant is made.

The authority of the commissioner's court to make contracts in the county's behalf is strictly limited to that conferred, expressly or by fair or necessary implication, by the Constitution or statutes of the State of Texas.  See Galveston, H.&S.A. Ry. Co. v. Uvalde County, 167 S.W.2d 305 (Tex. Civ. App. -- San Antonio 1942, writ ref'd w.o.m.); Roper v. Hall, 280 S.W. 289 (Tex. Civ. App. -- Waco 1925, no writ); Attorney General Opinions H-367 (1974), H-127 (1973), M-843 (1971), C-772 (1966), C-342 (1964), C-246 (1964), V-1082 (1950), V-173 (1947).  We believe that the requisite authority may be found in article 4478, V.T.C.S., which provides that the commissioner's court "shall have power to establish . . . any medical or other health facilities" and in article 4418f, V.T.C.S., which gives the commissioner's court authority "to appropriate and expend money . . . for and in behalf of public health and sanitation within its County."  (Emphasis added).  This office has upheld the authority of the county, acting through its commissioner's court, to contract with others to carry out its statutory duties to provide for public or governmental purposes. Attorney General Opinions M-843 (1971), M-605 (1970) and M-678 (1970).  Therefore, we believe that the proposed contract may be entered into by the Waller County Commissioner's Court as a valid exercise of its statutorily conferred powers.

The remaining question concerns whether payments made or services and office space provided under the terms of the contract would constitute an illegal use of public funds under the provisions of the Texas Constitution which prohibit the granting of public monies under specified circumstances.

Article 11, section 3 of the Texas Constitution provides:

> No county, city, or other municipal corporation shall hereafter become a sub-scriber to the capital of any <u>private corporation or association</u>, or make any appropriation or donation to the same, or . . . in any way affect any obligation heretofore undertaken pursuant to law. (Emphasis added).

Due to the fact that the contract you have proposed is intended to be between the county commissioner's court and one or more physicians, each in his individual capacity, we do not believe article 11, section 3 is applicable.

Article 3, section 52 of the Texas Constitution states:

> (a) Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation what-soever, or to become a stockholder in such corporation, association or company. . . .

Expenditures for clinic personnel, supplies and equipment and the granting of office space to the physician as proposed in your contract are not within the specified exceptions in subsection (b) of section 52.  The Texas courts, however, have made it clear that not every expenditure of public money which benefits a private individual or corporation violates this constitutional prohibition.  The Court in <u>Barrington</u> v. <u>Cokinos</u>, 338 S.W.2d 133 (Tex. Sup. 1960), held that

> an expenditure for the direct accomplishment of a legitimate public . . . purpose is not rendered unlawful by the fact that a privately owned business may be benefited thereby.  <u>Id.</u> at 140.

It is our opinion that the establishment, staffing and operation of a county medical clinic constitutes such a public purpose. See Seydler v. Border, 115 S.W.2d 702 (Tex. Civ. App. -- Galveston 1938, writ ref'd).

In addition to the requirement that public monies be used for the accomplishment of a public purpose, the courts have indicated other criteria which they will consider in holding a transaction between a political subdivision and a private party permissible under the Texas Constitution. One of these criteria is that there is sufficient assurance, through contractual or statutory obligations, that the public purpose will continue to be accomplished. See Bland v. City of Taylor, 37 S.W.2d 291 (Tex. Civ. App. -- Austin 1931), affirmed 67 S.W.2d 1033 (1934). See also Willatt, Constitutional Restrictions on Use of Public Money and Public Credit, 38 Tex. B.J. 413 (1975). Under the terms of the contract you have proposed, the county acting through the Clinic would control disbursement of funds and supervise the operation of the facilities.

Finally, under the terms of the proposed contract, the county will receive what is represented to be an adequate consideration in return for its expenditures. In addition to the consideration in the form of public benefit, the county will receive reimbursement out of fees derived from the physician's services. See Sullivan v. Andrews County, 517 S.W.2d 410 (Tex. Civ. App. --El Paso 1974, writ ref'd n.r.e.); Dodson v. Marshall, 118 S.W.2d 621 (Tex. Civ. App. -- Waco 1938, writ dism'd); Attorney General Opinions M-843 (1971), M-782 (1971). Therefore, we believe that the proposed contract expenditures by the Waller County Medical Clinic to certain physicians would not as a matter of law constitute a violation of article 3, section 52 of the Texas Constitution.

### S U M M A R Y

The proposed contract between the Waller County Commissioner's Court, the Waller County Medical Clinic and certain physicians is within the

statutorily conferred powers of the
commissioners court and would not, as
a matter of law, constitute a violation
of either article 11, section 3 or
article 3, section 52 of the Texas
Constitution.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb