

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

March 30, 1977

The Honorable John Lawhon
District and County Attorney
Box 718
Denton, Texas   76201

Opinion No. H- 966

Re:  Authority of City-
County Hospital Board to
lease part of hospital
grounds for construction
of medical office building
by private individuals.

Dear Mr. Lawhon:

You have requested our opinion regarding the authority
of the Denton City-County  Hospital Board to lease land to
private persons for construction of a medical office building.
Specifically, you ask:

> Whether or not the City-County Hospital
> Board may lease a portion of the hospital
> grounds to an individual or corporation for
> a medical-professional building, with a
> provision for reversion of the premises
> and building to the board at the conclusion
> of the lease period.

The proposed building would be adjacent to the hospital and
connected to it by a bridge at each level.  The City-County
Hospital Board would lease the land on a long term lease,
and private persons would be responsible for financing,
constructing, and managing the building.  On completion of
the lease, title to the building would revert to the City-
County Hospital Board.  The Board would not spend any public
funds or assume any liabilities.

The Denton City-County Hospital Board was created under
article 4494i-1, V.T.C.S.  See Attorney General Opinion M-
762 (1970).  The Hospital Board constitutes a "joint agent"
of the county and city for hospital purposes.  V.T.C.S. art.
4494i-1, § 2.  At present, title to the hospital grounds
remains in the city and county, but section 5 of article

4494i-1 authorizes the city and county to convey the hospital and the associated real property to the Hospital Board.  The Board may lease property, subject to the approval of the commissioners court and governing body of the city.  V.T.C.S. art. 4494i-1, §§ 4, 5.  The city and county may thereby assure themselves that the Board in making the lease has acted "solely for [their] joint benefit."  V.T.C.S. art. 4494i-1, § 2.  The Hospital Board must act "for hospital purposes."  Id. We believe it will act for hospital purposes if it arranges a lease that upon termination provides them with a medical facility adjoining the hospital, and in the interim benefits hospital patients.  See Sullivan v. Andrews County, 517 S.W.2d 410 (Tex. Civ. App. -- El Paso 1974, writ ref'd n.r.e.).  Consequently, article 4494i-1, V.T.C.S., authorizes the Board to make the proposed lease.

The lease of hospital grounds also must comply with article 3, section 52 of the Texas Contitution, which prohibits any county or city from granting any "public money or thing of value in aid of, or to any individual, association or corporation whatsoever . . . ." The city or county cannot accomplish through its agent something the Constitution forbids it to do.  See Attorney General Opinion C-517 (1965).  Therefore, the Denton City-County Hospital Board may lease hospital property only to accomplish a public purpose, and the lessee must pay an adequate consideration for use of the property.  Sullivan v. Andrews County, supra; Attorney General Opinion H-777 (1976).  In Sullivan v. Andrews County, the court found that the county could constitutionally lease to doctors space in a medical office building adjoining the hospital where the evidence showed that hospital patients would benefit from the closeness and ready availability of the treating physicians.  You have not informed us about the terms of the proposed lease, so we cannot determine as a matter of law whether it would accomplish this or an analogous public purpose.  In drawing up and approving the lease, the Hospital Board, city government, and county commissioners should be certain that the lease will serve a public purpose and include sufficient controls so that the public purpose is actually accomplished.  See Attorney General Opinion H-445 (1974).  The rent should be set so that together with the reversion of the building at the end of the lease, the Hospital Board receives adequate consideration for the use of its property.  See Attorney General Opinions H-912, H-777 (1976); H-445 (1974).  If these requirements are complied with, the proposed lease will not violate article 3, section 52 of the Constitution.

## S U M M A R Y

Article 4494i-1, V.T.C.S. authorizes the City-County Hospital Board to lease land adjacent to the hospital for construction of a medical office building by private individuals.  Article 3, section 52 requires that the lease serve a public purpose and provide for payment of adequate rentals.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml