

# The Attorney General of Texas

August 17, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Harold R. Schmidt
Mason County Attorney
Courthouse
Mason, Texas    76856

Opinion No. JM-65

Re:  Whether a county may con-
tribute funds  to  a  privately
owned hospital

Dear Mr. Schmidt:

You have asked if Mason County may provide funds for the general operating expenses of a hospital that is owned and operated by a private, non-profit corporation.  You have also inquired about the extent and manner in which the county may compensate a privately owned hospital for the care of indigents and for services associated with the operation of a volunteer county ambulance program.  Mason County does not have a county hospital, a hospital authority, or a hospital district.  We believe that the county may not make a donation or gift of its funds to a privately owned hospital's general operating expenses, but the county may contract with a hospital to perform services or functions that the county is authorized to provide.

It is well established that a county may not make a contribution of public funds to a facility owned and operated or controlled by a private, non-profit corporation.  Tex. Const. art. III, §52; art. XI, §3.  See Attorney General Opinions MW-329 (1981); MW-36 (1979); H-1189, H-1123 (1978); H-520 (1975); H-397 (1974); M-661 (1970); WW-630 (1959).  However, it also is well established that a county may contract with private corporations and others to carry out its statutory duties to provide for public or governmental purposes.  See Attorney General Opinions H-1123 (1978); H-912 (1976); H-675 (1975); H-127 (1973); M-843 (1971); M-605 (1970); C-334, C-246 (1964).

A county commissioners court has only the powers that the constitution and statutes have conferred on it.  Therefore, the authority of the commissioners court to make a contract on the county's behalf is strictly limited to the power conferred either expressly or by reasonable implication by the constitution and statutes.  See Tex. Const. art. V, §18; Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948); Anderson v. Wood, 152 S.W.2d 1084, 1085 (Tex. 1941); Attorney General Opinions MW-329 (1981); H-1280 (1978); H-912 (1976); H-367 (1974); C-772 (1966); WW-630 (1959); V-173 (1947).

Since a county may contract with a private corporation to perform services that the county is authorized to perform itself, a primary issue is whether the county has authority to perform the specific service. Without that authority, an expenditure by the county constitutes a donation of the county's funds in violation of the constitution. See Attorney General Opinions MW-329 (1981); H-1123 (1978); H-127 (1973). You mention the responsibility of the county to provide for the care of indigents and services associated with an ambulance program. It is well established that the county must provide necessary medical care for its indigents. V.T.C.S. art. 2351, §11; V.T.C.S. art. 4438; Attorney General Opinion MW-33 (1979). We believe that it also is well established that a county may provide ambulance service pursuant to its power regarding public health. See V.T.C.S. art. 4418f; Attorney General Opinions H-976 (1977); M-845 (1971); M-806 (1971); M-385 (1969). See also V.T.C.S. art. 2372t.

Article 4418f, V.T.C.S., grants to the commissioners court of any county "the authority to appropriate and expend money from the general revenues of its County for and in behalf of public health and sanitation within its County." The authority conferred by that statute on the commissioners court to expend the county's general revenues for public health and sanitation is general in its scope. Since article 4418f provides no detailed direction to guide the commissioners court in the exercise of this power, it must be guided largely by its sound discretion. Prior opinions of this office interpreting article 4418f have approved funding by the county of numerous services that the commissioners courts have determined would aid the sick or deal with public health or sanitation problems, including ambulance services, county health units, public health clinics, outpatient medical treatment, preventive units, garbage disposal, storm sewer connection to a county hospital, and control of noxious aquatic weed. Attorney General Opinions H-1280 (1978); H-912 (1976); M-806 (1971); M-385 (1969); C-772 (1966); O-5670 (1944); O-2580-A (1940). The factual determination of specific conditions that create a threat to public health and sanitation within the meaning of article 4418f should be made by the commissioners court.

When the commissioners court is granted a power or charged with a duty, it has implied authority to exercise broad discretion to accomplish the intended purpose. Anderson v. Wood, supra; Madison County v. Wallace, 15 S.W.2d 535, 537 (Tex. 1929). The terms and conditions of a contract, such as whether a contract should provide for payment of a specified amount or reimbursement of documented expenses, can be determined by the commissioners court in light of the facts known to it.

However, it is not our opinion that the authority of a county is unbridled with respect to the terms of a contract to provide for indigents or public health. The extent of the county's expenditure

under such an agreement cannot contravene the limitations of article III, section 52 of the Texas Constitution. The commissioners court may not expend county funds in a manner that amounts to a virtual donation. In return for its expenditure, the county must receive an adequate consideration, such as a public benefit or a service the county has a duty to provide. See Sullivan v. Andrews County, 517 S.W.2d 410, 413 (Tex. Civ. App. - El Paso 1974, writ ref'd n.r.e.); Llano County v. Knowles, 29 S.W. 549, 553 (Tex. Civ. App. 1895, no writ). We believe that such a contract should indicate clearly that a public purpose is being served.

## S U M M A R Y

A county may not donate county funds for the operating expense of a privately owned and operated hospital but may contract with the hospital to perform services that the county is authorized to provide. The commissioners court has discretionary authority to determine the terms and conditions for such a contract that provide for adequate consideration to the county and do not contravene the limitations of article III, section 52 of the Texas Constitution.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Acting Chairman
Jon Bible
David Brooks
Colin Carl
Jim Moellinger
Nancy Sutton