

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 29, 1992

Honorable Charles S. Brack
Chambers County Attorney
P. O. Box 1200
Anahuac, Texas 77514

Opinion No. DM-131

Re: Whether a hospital district may lease part of its facility for the operation of a private adolescent drug treatment facility (RQ-278)

Dear Mr. Brack:

You have requested our opinion as to whether the Chambers County Hospital District No. 1 (hereafter "the district") may lease a part of its facility to a group of private physicians to operate as an adolescent drug treatment center. You indicate that, following an election in September, 1991, the district was converted into a hospital district operating under article IX, section 9 of the Texas Constitution and chapter 286 of the Health and Safety Code.

Generally, a special purpose district, such as a hospital district, may "exercise only such powers as have been expressly delegated to it by the Legislature, or which exist by clear and unquestioned implication." Attorney General Opinion DM-66 (1991) (citing *Tri-City Fresh Water Supply Dist. No. 2 v. Mann*, 142 S.W.2d 945, 946 (Tex. 1940)). The district is specifically authorized by statute to lease its facility to private physicians. Section 286.077(b) of the Health and Safety Code empowers the board of directors of the district to, *inter alia*, "transfer by lease to physicians, individuals, companies, corporations, or other legal entities . . . district hospital facilities." Health & Safety Code § 286.077(b).

This does not end our inquiry, however. We must also determine whether operation of an adolescent drug treatment facility would satisfy the requirements of article IX, section 9 of the Texas Constitution. That constitutional provision declares that the legislature may "provide for the creation, establishment, maintenance and operation of hospital districts . . . with power to issue bonds . . . *for hospital purposes*." (Emphasis added.) Chapter 286 of the Health and Safety Code

does not define "hospital" or "hospital purposes,"[1] but chapter 223, the Hospital Project Financing Act, defines "hospital project" to include, *inter alia*:

> (B) a structure suitable for use as:
>
>> (i) a hospital, clinic, health facility, extended care facility, outpatient facility, *rehabilitation* or *recreation facility*, pharmacy, medical laboratory, dental laboratory, physicians' office building, or laundry or administrative facility or building related to a health facility or system . . . .

Health & Safety Code § 223.002(4)(B)(i) (emphasis added). In *Scerbo v. Board of Adjustment*, 297 A.2d 207 (N.J. Sup. 1972), the court held that a residential narcotic rehabilitation and treatment facility qualified as a "hospital." *Id.* at 209. And in *People ex rel. D'Iorio v. Alfa Realty Co.*, 330 N.Y.S.2d 403 (N.Y. Misc. 1972), the court said that a center where drug addicts were examined and given daily doses of methadone was carrying on a "hospital" purpose. *Id.* at 408. We conclude that an adolescent drug treatment facility would serve a hospital purpose. In addition, we note that article IX, section 9 also directs that a hospital district created thereunder "assume full responsibility for providing medical and hospital care for its needy inhabitants." Tex. Const. art. IX, § 9. In accordance with this provision, the district must insure that the terms of the lease require the proposed drug treatment facility to treat *needy* adolescents. *See* Attorney General Opinion DM-66 at 3-4 (holding that kidney dialysis clinic would serve a hospital purpose in part because it would serve needy patients).

In our opinion, the situation about which you inquire is different from that considered in Attorney General Opinion JM-258 (1984). In that opinion, this office held that a hospital district lacked the authority to lease a portion of its facility as offices for private physicians. The opinion declared that "[w]hereas laboratory testing is a hospital function, offices for the private practice of medicine are not 'hospital purposes' or the provision of 'medical or hospital care for the needy.'" On the other hand, a facility which provides drug treatment and rehabilitation services to both private and needy adolescent patients, in our view, fully complies with the requirements of article IX, section 9 of the Texas Constitution.

---

[1] In Attorney General Opinion DM-66, we said that operation of a kidney dialysis clinic for the purpose of providing cost-effective renal services would serve a "hospital purpose."

Finally, we must consider whether the proposed arrangement is constitutional under the terms of article III, section 52 of the Texas Constitution. As this office noted in Attorney General Opinion H-777 (1976),

> in order to avoid the objection that such leasing of a county-owned facility is violative of article 3, section 52 of the Texas Constitution, it must be done for a valid public purpose and the county must receive "substantial value in return" for its grant of the leasing privilege.

Attorney General Opinion H-777 at 5 (quoting *Sullivan v. Andrews County*, 517 S.W.2d 410, 413 (Tex. Civ. App.--El Paso 1974, writ ref'd n.r.e.)); *see* Attorney General Opinion H-966 (1977). As was noted in Attorney General Opinion H-966, the public body negotiating the lease "should be certain that the lease will serve a public purpose and include sufficient controls so that the public purpose is actually accomplished." Attorney General Opinion H-966 at 2. Furthermore, "[t]he rent should be set so that together with the reversion of the building at the end of the lease, the Hospital Board receives adequate consideration for the use of its property." *Id.* So long as these constitutional requirements are met, we conclude that the district may lease part of its hospital facility to a group of private physicians to operate as an adolescent drug treatment center.

You also ask whether the district must comply with "public auction requirements" in order to lease its facility. Section 263.001 of the Local Government Code, formerly V.T.C.S. article 1577, provides that a commissioners court may "appoint a commissioner to sell or lease real property owned by the county." Such sale or lease "must be made at a public auction." In Attorney General Opinion JM-335 (1985), this office noted that prior opinions have "consistently looked to statutes dealing specifically with the lease of county hospitals, not to [V.T.C.S.] article 1577...." *See also* Attorney General Opinion Nos. H-777; H-16 (1973). As we have previously indicated, section 286.077(b) of the Health and Safety Code specifically authorizes the district's board of directors to lease district facilities to private entities. Thus, section 263.001 of the Local Government Code has no application to the district's proposed lease of a part of its facility for an adolescent drug treatment center.

## S U M M A R Y

The Chambers County Hospital District is statutorily authorized to lease a part of its hospital facility to a group of private physicians for operation as an adolescent drug treatment center. Article III, section 52 of the Texas Constitution requires that the lease serve a public purpose and provide for payment of adequate rentals, and article IX, section 9 requires that any hospital facility serve a hospital purpose and provide care for the needy inhabitants of the district. Section 263.001 of the Local Government Code, requiring sale or lease by public auction, is not applicable to the district's lease of its hospital facility.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General