**RUSHING et al. v. LYNCH.** (No. 3788.)

Court of Civil Appeals of Texas. Texarkana.
Nov. 14, 1929.

Rehearing Denied Nov. 21, 1929.

Clark, Harrell & Clark and Bruce M. Mc-Mahan, all of Greenville, and T. R. Potts, of Emory, for appellants.

Wynne & Wynne, of Kaufman, for appellee.

LEVY, J. (after stating the case as above). There are two points urged on this appeal: (1) That the plaintiff showed no such interest as authorized him to bring and maintain the suit; and (2) that no fraud was shown in the purchase and sale of the lands in controversy. The plaintiff, as "a resident taxpayer in the County of Rains," seeks to cancel a purported sale or contract of sale of the county school lands for an alleged consideration therefor occasioning loss in substantial amount to the school land fund of the county. Such is the only interest, as alleged and proven, that the plaintiff has in the cause of action or in the subject-matter of the controversy. It is believed that he cannot invoke the right to maintain such particular suit and to obtain the allowance of an injunction therein in virtue merely of being a resident taxpayer. That would be so, because it conclusively appears that the plaintiff would not be affected or injured in the wrongful sale of the lands in any way peculiar to him individually, but the injury he would suffer would be only such as is common to all the public. His interest in the lands was not of an individual nature, but purely such as arises in virtue of his being a member of the general public. The alleged wrongful sale of the lands did not in any wise operate to create a debt which the plaintiff, in common with other property holders, may be legally compelled to pay through taxation actually levied upon their property. Neither would such alleged wrongful sale operate or have the legal effect to in any wise create the burden of immediate or direct taxation upon the property holders. The Constitution of this state expressly provides

that the proceeds of the sale of public school lands granted to the several counties for educational purposes shall "be invested in bonds of the United States, the state of Texas, or counties in said state, or in such other securities and under such restrictions as may be prescribed by law; * * * the interest thereon and other revenue, except the principal, shall be available fund." Section 6, art. 7, Const. The interest from such invested proceeds of sale only goes to form a part of the available school funds of the county. The other available funds are distinctively derived from state school taxes, poll tax, and from taxes voted and collected by individual school districts. These methods of taxation are independent of each other, and wholly independent of the county school land fund. The county as such in no wise levies a school tax. There is distinction between lands granted to a county and the invested proceeds of sale therefrom, and the available funds apportioned by the state to the counties. Jernigan v. Finley, 90 Tex. 205, 38 S. W. 24. Although the sale of the lands at a wrongful price, if such be the case, might have the effect of occasioning a loss of available school funds through "interest," yet the private individual would not be directly or immediately affected thereby through taxation. There is no provision of law to reimburse the loss, as such, through means of actual taxation of property. The remedy of action against the wrongful sale would lay with the public, considered as a whole or in the collective sense, acting through duly constituted officers. The rule as applicable is thus stated to be, quoting from City of San Antonio v. Strumberg, 70 Tex. 366, 7 S. W. 754, 755: "We think it a principle established by the overwhelming weight of authority in the courts of all countries subject to the common law that no action lies to restrain an interference with a mere public right, at the suit of an individual who has not suffered or is not threatened with some damage peculiar to himself. As applied to public nuisances the doctrine is elementary. 2 Cooley, Bl. 219. For a special damage resulting from the invasion of a right enjoyed by a party in common with the public, the law affords him a remedy by private action, but if the damages he suffers are only such as are common to all, the action must be brought by the lawfully constituted guardian or guardians of the public interest. * * * We apprehend that the underlying principle is that individuals have a right to sue for a redress of their own private injuries, but for such as affect all the public alike an individual is not the representative of the public interest. * * * A suit in such case must be brought by such officer or officers as have been intrusted by the lawmaking power with this duty." The same rule is approved in Yett v. Cook, 115 Tex. 205, 281 S. W. 841, with authorities therein cited. The Yett Case clearly intends to lay down, and in no wise to depart from, the same rule announced in the Strumberg Case, supra, which it cites. All the authorities agree that the above is the correct rule. 32 C. J. p. 258; Asplund v. Hannett, 31 N. M. 641, 249 P. 1074, 58 A. L. R. 573. The case of Crampton v. Zabriskie, 101 U. S. 601, 25 L. Ed. 1070, is distinguishable from the present case, in that in such case the taxpayer was preventing the creation of a debt which such taxpayer individually and in common with other property holders would have to pay by means of taxation actually levied. There was an issue of bonds made payable directly by taxation of property. In City of Austin v. McCall, 95 Tex. 565, 68 S. W. 791, the expenditure of municipal funds derived gives a taxpayer an individual interest in the suit, and therefore gives the taxpayer the right to sue. The case of Terrell v. Middleton (Tex. Civ. App.) 187 S. W. 367, was supported upon the fact appearing that, "The appellee was seeking to prevent the diversion of taxes collected by the state, a portion, no matter how small, of which had been paid by appellee." He was a taxpayer immediately affected by the wrongful diversion. Therefore, sustaining, as we do, the first contention of appellants, it becomes unnecessary to in any wise determine the second ground. Also we do not consider or in any wise rule upon the validity or legality of the proposed offer of purchase and order of the commissioners' court thereon. Such question of law is not necessary to be decided in view of the disposition of the appeal.

The order appealed from is reversed, and the temporary injunction heretofore granted is dissolved, and the cause is remanded to the district court.