### DODSON v. MARSHALL.

#### No. 2003.

Court of Civil Appeals of Texas. Waco.

June 16, 1938.

Rehearing Denied July 7, 1938.

O. H. Woodrow, of Sherman, for appellant.

Lewis E. Bartlett, of Sherman, for appellee.

ALEXANDER, Justice.

This suit was brought by John Marshall against the county commissioners of Grayson county, Frank Dodson and others to restrain the commissioners' court from granting to Frank Dodson the privilege of operating a cigar and cold drink stand in a small alcove in the rotunda of the Grayson county courthouse, and to enjoin the said Frank Dodson from so using said space. At the conclusion of the evidence the court rendered judgment for the plaintiff as prayed. The defendant Dodson alone appealed.

The record discloses that the new Grayson county courthouse has a small alcove in the rotunda thereof that was constructed for the purpose of being used for a cigar and cold drink stand; that the commissioners' court of said county has, for a stipulated rental payable monthly, let to the said Dodson, for a period terminable at will, the right to maintain a cigar and cold drink stand in said alcove; that said space is not suitable nor is it needed for use for county offices; that the county is not required to and does not expend any public funds nor incur any other obligations for lights, janitor service or any other purpose in connection with the upkeep and use of said space; and that the commissioners' court deems it advisable and to the interest of the county to have such a stand maintained in the courthouse for the convenience of county employees and others having business to transact in said courthouse.

Briefly speaking, the question is: Does the commissioners' court have the discretionary authority to allow unused space in the county courthouse to be used by an individual for the purpose of carrying on

therein a business which in the opinion of such court is necessary to the convenience of county employees and others having business to transact in the courthouse?

The Constitution, art. 5, sec. 18, Vernon's Ann.St.Const. art. 5, § 18, provides: " * * * The county commissioners so chosen, with the county judge, as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." R.S. art. 2351 makes it the duty of the commissioners' court to "provide and keep in repair court houses, jails and all other necessary public buildings." R.S. art. 1603 provides as follows: "The county commissioners court of each county, as soon as practicable after the establishment of a county seat, or after its removal from one place to another, shall provide a court house and jail for the county, and offices for county officers at such county seat and keep the same in good repair." R.S. art. 6872 provides, in part, as follows: "Sheriffs shall have charge and control of the courthouses of their respective counties, subject to such regulations as the commissioners court may prescribe. * * "

The commissioners' court is the active governing body of the county. Ehlinger v. Clark, 117 Tex. 547, 8 S.W.2d 666; Anderson v. Parsley, Tex.Civ.App., 37 S.W.2d 358; Jernigan v. Finley, 90 Tex. 205, 38 S.W. 24. While its authority over county's business is limited to that specifically conferred by the constitution and statutes, Mills County v. Lampasas County, 90 Tex. 603, 40 S.W. 403, where a right is thus conferred or obligation imposed, said court has implied authority to exercise a broad discretion to accomplish the purposes intended. 11 Tex.Jur. 565; City National Bank v. Presidio County, Tex.Civ. App., 26 S.W. 775; Gussett v. Nueces County, Tex.Com.App., 235 S.W. 857.

Under the provisions of the Constitution and the statutes above quoted, we think it clear that the commissioners' court is charged with the duty of providing a courthouse and has at least implied authority to regulate the use thereof within reasonable bounds. See also in this connection R.S. art. 1605, as amended, Vernon's Ann.Civ.St. art. 1605. The duty to provide a courthouse includes the obligation to furnish same with suitable and necessary equipment. This is not limited to the bare necessities for carrying on county business but includes modern conveniences incident thereto. For instance, drinking fountains, lights, fans, toilets and restrooms are not absolutely indispensable to the carrying on of county business in the courthouse. This is demonstrated by the fact that but few of the old courthouses had any of such conveniences, yet a modern courthouse would not be complete without these conveniences and no one would seriously question the authority of the commissioners' court to install them. This illustrates the necessity of allowing the commissioners' court some latitude in determining with what conveniences the courthouse should be equipped. In this instance, the commissioners' court of Grayson county, like the commissioners' courts of many other counties, has determined that the maintenance of a place in the courthouse where tobacco, cold drinks and similar articles are accessible to county officers, employees, jurors and others having business to transact in the courthouse, is a necessary convenience incident to the carrying on of the county's business in the courthouse. It cannot be said as a matter of law that this is an unreasonable conclusion. In keeping with the same policy, most modern schools are equipped with cafeterias, where the children and teachers may buy their lunches, because the trustees deem these conveniences helpful in carrying on school work. Such a stand, as is here under consideration, conveniently located within the courthouse, doubtless saves much of the time of county employees, jurors and others that would otherwise be consumed in going to and from more remote places to purchase such commodities during business hours. The decision of the commissioners' court in this respect ought not to be overridden unless some law is thereby violated.

It is suggested in effect that the law is violated because such practice permits property dedicated to public use to be used by an individual as a place to carry on a commercial business of his own. But what law is violated? Has there in fact been such a diversion of a material part of the premises as to interfere with the use of the property as a whole for the purposes for which it is intended? The water and power companies use such premises as a place to distribute their commodities and likewise the telephone company is permitted to install a pay station in the courthouse where it sells and collects for its

long distance calls, yet no one would advocate the disuse of water or lights or the removal of the pay station. It should be noted in this connection that the contract here under consideration is terminable at the will of the commissioners, and that the court has not parted with its control over the premises. It does not appear that the operation of the stand in the respect contemplated will in any wise interfere with the use of the courthouse for the purposes for which it is intended. If the commissioners' court deems the letting of space in the courthouse to an individual to carry on such business the most practical method for securing such convenience, and if, by so doing, the court does not interfere with the use of the courthouse as a whole for the purposes for which it is intended, and if it appears that the court is exercising a reasonable discretion in this respect, its decisions ought not to be set aside.

It is also suggested that the granting of such privilege to an individual violates art. 3, sec. 51 of the Constitution, Vernon's Ann.St.Const. art. 3, § 51, which forbids the granting of gratuities out of public funds. It is not the granting of a gratuity for the county to grant a privilege for which it receives substantially the value thereof in return. There is nothing in this case to indicate that the county is not receiving in return substantially the value of the privilege granted.

Of course, we recognize that if the commissioners' court should lease for the purposes indicated space that was needed for county offices or other purposes or should grant a lease for such a time as to unreasonably interfere with the right of the court to regulate the use of the courthouse, or should otherwise materially interfere with the use of the courthouse as a whole for the purpose for which it is intended, said court might thereby exceed its jurisdiction or there might be a clear abuse of discretion, in which event the district court in the exercise of its supervisory powers would have a right to intervene. But so long as there is a reasonable exercise of the discretion vested in the commissioners' court in a matter within its jurisdiction, that court alone has the right to determine the policy to be pursued and the

district court has no authority to intervene. Schiller v. Duncan, Tex.Civ.App., 21 S.W.2d 571, pars. 1, 2; King v. Falls County, Tex.Civ.App., 42 S.W.2d 481, pars. 5, 6; Slimp v. Wise County, Tex.Civ.App., 96 S.W.2d 537, pars. 7–9; Tarrant County v. Shannon, Tex.Sup., 104 S.W.2d 4, par. 5. The frequently recurring biennial elections at which the commissioners are required to account to the electorate for their conduct in matters of this kind furnishes sufficient protection to the public against ordinary indiscretion not amounting to a clear abuse thereof by the commissioners' court. We are of the opinion that the commissioners' court did not abuse its discretion in the respect complained of, and that the district court was in error in interfering therein.

We are also of the opinion that the plaintiff was without authority to maintain this suit. His only claim of right to maintain the suit is that he is a tax paying property owner residing in the county, and he allegedly brings the suit for himself and on behalf of all other tax payers in the county similarly situated. He does not allege that he has suffered or is threatened with any damage or injury peculiar to himself. It does not appear that any county or other public funds are being expended under the contract, nor does it appear that any debts or other obligations burdensome to the tax payers are or will be incurred thereunder. It was said in the case of City of San Antonio v. Strumberg, 70 Tex. 366, 7 S.W. 754, that it is a well established rule that "no action lies to restrain an interference with a mere public right, at the suit of an individual who has not suffered or is not threatened with some damage peculiar to himself." (page 755.) We think this is particularly true where it does not appear that public funds are being expended or obligations incurred that would be burdensome to a tax payer nor that public property is being diverted to an unlawful use. See in this connection: 24 Tex.Jur. 212, 213; Rushing v. Lynch, Tex. Civ.App., 22 S.W.2d 482; Yett v. Cook, 115 Tex. 205, 281 S.W. 837; Dickson v. Strickland, 114 Tex. 176, 265 S.W. 1012.

The judgment of the trial court is reversed and the injunction is dissolved.