

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 25, 1939

Hon. Edgar E. Payne
County Attorney
Hockley County
Levelland, Texas

Dear Sir:

Opinion No. 0-178
Re: Authority of Commissioners' Court
to rent or lease offices in court-
house, if, in their discretion,
such offices not needed for county
business.

We are in receipt of your letter of January
28th, relative to the rental of office space in the
courthouse of your county. You state your question to
us as follows:

"Do the Commissioners' Courts have the
authority to rent or lease offices in the
courthouse, if, in their discretion, such
offices are not needed for county business?"

It has been repeatedly held in opinions of
former Attorneys General and assistants that the Com-
missioners' Court would not be authorized to contract
for rental of office space in the county courthouse.
One of the earliest of these is the opinion of Honorable
B. F. Looney to Honorable J. J. Strickland, dated April
12, 1915. In that opinion Mr. Looney said:

"It is a matter of common knowledge that
a courthouse is designed for public use and
no one should be allowed, or permitted, to
occupy it except the public officials named
in the statute."

Then the opinion cites the various statutes,
which have been retained in the same substantial form

Hon. Edgar E. Payne, February 25, 1939, Page 2

in the last codification, and states his conclusions thusly:

> "We do not think, therefore, that any authority exists in the county commissioners court to contract for the rental of any offices, or office space, in the court house, and no person, except the officers named in the statute, can claim the right to occupy any rooms or space therein free of rent, or otherwise.

> "The sheriff of the county would have the right to institute a suit in the name of the county to evict any occupant from the courthouse not authorized to occupy the same, since he is the legal custodian of the court house as provided in Article 6393 (now Art. 6872 R. C. S. 1925), subject to such regulations as the Commissioners Court may prescribe......" Report and Opinions, Attorney General, 1914-1916, p. 548.

We do not find that the exact question here involved has been judicially determined in any of the reported decisions. We do know the Commissioners' Courts are limited to powers conferred expressly by the Constitution and statutes, or necessarily implied therefrom. Bland v. Orr, 90 Tex. 492; Van Rosenberg v. Lovett, 173 SW 508; Edwards County v. Jennings, 33 SW 585, and many other cases.

In the recent case of Dodson v. Marshall, 118 SW (2nd) 621 (Waco Civ. App., writ dismissed), the court held the action of the county Commissioners' Court of Grayson County in permitting an individual to maintain a cigar and cold drink stand in an unused alcove in the rotunda of the courthouse for a stipulated rental, such privilege to be terminable at the will of the court, was discretionary, did not violate the constitutional provision forbidding the granting of gratuities from public funds, where the exercise of the privilege would not cause the county any expense and would afford a convenience to those transacting business in the courthouse, and the county appeared to be receiving substantially

the value of the privilege granted. The court did not pass upon the question of the renting or leasing of office space but clearly draws a distinction as to offices. The opinion contains the following language:

"Of course, we recognize that if the Commissioners' Court should lease for the purposes indicated space that was needed for county officers or other purposes or should grant a lease for such a time as to reasonably interfere with the right of the court to regulate the use of the courhouse, or should materially interfere with the use of the courthouse as a whole for the purpose for which it is intended, said court might thereby exceed its jurisdiction or there might be a clear abuse of discretion, in which event the district court in the exercise of its supervisory powers would have a right to intervene."

In view of the quoted language employed, we do not believe the effect of Dodson v. Marshall, supra, could be relied upon to change the general rule, supported by the great weight of authority, as stated in the following language of Corpus Juris (15 C. J. 537):

"In accordance with the general rule heretofore stated that county boards or county courts have no powers other than those conferred expressly or by necessary implication, such courts or boards have no power to rent or to lease property or franchises owned by the county in the absence of statutory authority so to do." (See authorities cited under this text)

We find no constitutional or statutory authority in Texas for the renting of offices in courthouses. In our opinion the only space the Commissioners' Court would be authorized to rent or lease would be that clearly not needed for county business, and then only for purposes serving public convenience or necessity.

Hon. Edgar E. Payne, February 25, 1939, Page 4


        You are therefore respectfully advised that
your question is answered in the negative.

        We wish to thank you for the splendid brief
submitted, and to express our regret at the unavoidable
delay in answering you because of the press of much
business of this Department.

                        Very truly yours

                        ATTORNEY GENERAL OF TEXAS

                        By  *Benjamin Woodall*

                            Benjamin Woodall
                            Assistant

BY:AW

APPROVED:

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS