

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 30, 1947

Hon. Vernon D. Adcock　　　Opinion No. V-282
County Attorney
Dawson County　　　　　　　Re: Authority of Dawson
Lamesa, Texas　　　　　　　　　　County to expend money
　　　　　　　　　　　　　　　　　for the pavement of a-
　　　　　　　　　　　　　　　　　reas upon the court-
　　　　　　　　　　　　　　　　　house yard and a relat-
　　　　　　　　　　　　　　　　　ed matter.

Dear Mr. Adcock:

　　　Your request for an opinion of this Department is substantially as follows:

　　　"The Court House in Lamesa is located on a block of land deeded to the County for the consideration of $1.00 about the time the Original Town of Lamesa was platted and became the County Seat. This Block of land is square and has wide streets running on four sides of the Block. These streets permit angle parking on both sides of the street. During Saturday's busy hours, it is difficult to find parking space within a block of this Court House Block.

　　　"It has been proposed that the City of Lamesa and Dawson County, jointly finance the pavement of areas upon this Court Yard. This area has heretofore been kept in grass and trees and after it is paved, will be open to the public as free parking space for customers of stores around the Court House square as well as for those who may have business in the Court House...

　　　"In the preparation of the budget for the current year, this was not one of the planned expenditures.

　　　"May Dawson County legally use this ground as parking space and expend County funds separately, or jointly with the City, in paving the

same?  If so, what County fund, Court House &
Jail, or Road & Bridge, could be used for this
purpose."

Previously, in conformity with your request by
telegram, you were advised that former opinions of this
Department authorized the County of Dawson to pay its pro-
portionate share of the proposed project, provided it was
properly <u>budgeted</u>.

Generally speaking, a County Commissioners'
Court may exercise only such authority as is conferred
by the Constitution and statutes of this State.  (Art.
V, Sec. 18, Tex. Constitution; Art. 2351, V.C.S.; 11 Tex.
Jur. p. 563; Bland v. Orr, 39 S.W. (2d) 558; Dobson v.
Marshall, 118 S.W. (2d) 621; and Howard v. Henderson
County, 116 S.W. (2d) 479).

In an opinion numbered O-6146, dated November
13, 1944, this Department stated:

"With reference to your question regarding
the paving of all the streets around the Court
House and the payment for such improvement, you
are advised that it is our opinion that by vir-
tue of Article 1082, the County being the owner
of the Court House property, would under this
Article, have authority to defray its proportion-
ate part of costs of street improvements.  It is
our further opinion that the Commissioners' Court
has the legal authority to pave and pay for any
portion of the streets around the Court House
where such streets constitute a part of the Coun-
ty road system, whether such streets are a part
of the Court House property or are owned by others
than the County."

In Opinion No. 2033, Report of Attorney Gen-
eral 1918-1920, page 117, the Attorney General stated:

". . . I would therefore advise you
that the County Coimissioners may . . .
pay the entire cost of the pavements of
such portions of the court house square
within an incorporated town or city as
are used for highway purposes. . ."

In the case of Dodson v. Marshall, 118 S.W.
(2d) 621, Justice Alexander, speaking for the Court,
stated as follows:

"The Constitution, art. 5, sec. 18,
Vernon's Ann. St. Const. art. 5 8 18,
provides:  '* * * The county commission-
ers so chosen, with the county judge, as
presiding officer, shall compose the Coun-
ty Commissioners Court, which shall exer-
cise such powers and jurisdiction over
all county business, as is conferred by
this Constitution and the laws of the
State, or as may be hereafter prescribed.'

". . . The duty to provide a court-
house includes the obligation to furnish
same with suitable and necessary equip-
ment.  This is not limited to the bare
necessities for carrying on county bus-
iness but includes modern conveniences in-
cident thereto. . .

". . . But so long as there is a
reasonable exercise of the discretion
vested in the commissioners' court in a
matter within its jurisdiction, that
court alone has the right to determine
the policy to be pursued and the dis-
trict court has no authority to inter-
vene.  Scheiller v. Duncan, Tex. Civ.
App., 21 S. W. 2d 481, pars. 5, 6; Slimp
v. Wise County, Tex. Civ. App., 96 S.W.
2d 537, pars. 7-9; Tarrant County v.
Shannon, Tex. Sup., 104 S. W. 2d 4, par.
5. . ."

Inasmuch as you were previously advised that
the expenditure would be authorized if properly budgeted,
it will be noted that if such expenditure was not set up
in the original budget, it must now be predicated upon
facts constituting it a case of "grave public necessity
to meet unusual and unforeseen conditions which could not,
by reasonably diligent thought and attention, have been
included in the original budget." (Art. 689a-11, V.C.S.)
It is within the discretion of the Commissioners' Court
to determine whether a situation exists as would author-
ize an amendment to the budget to allow the expenditure
in question.  Therefore, it is the opinion of this Depart-
ment that areas on the courthouse yard may be used for
parking purposes by Dawson County and that the county may
pay for the cost of paving the same.  If such parking a-
reas do not constitute a part of the street but actually

comprise a part of the court house yard, such expenditur if properly budgeted, could be paid from the court house fund of the Permanent Improvement Fund of such county. However, if the facts are such that this project amounts to a widening of the existing streets, and if such stree are portions of the designated or established county roa system, then the expenditure could be made from the Coun ty Road and Bridge Fund, severally or jointly, with the City of Lamesa.

## SUMMARY

Dawson County may use certain areas on the courthouse yard for parking purposes and the county may pay for the cost of paving the same. If such parking areas do not constitute a part of the street but actually comprise a part of the courthouse yard, such expenditure, if properly budgeted, could be paid from the courthouse fund of the Permanent Improvement Fund of such county. However, if the facts are such that this project amounts to a widen-ing of the existing streets, and if such streets are portions of the designated or established county road system, then the expenditure could be made from the county road and bridge fund, severally or jointly, with the City of Lamesa.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By Burnell Waldrep
Assistant

APPROVED

ATTORNEY GENERAL

BW:djm:jrb