

# The Attorney General of Texas

March 30, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
Dallas District Attorney
6th Floor, Records Building
Dallas, Texas 75202

Opinion No. MW-9

Re: Use of county law library funds.

Dear Mr. Wade:

You have submitted the following questions for an opinion from this office:

1. Can County Law Library Funds be used to purchase law books for newly created courts?

2. Can County Law Library Funds be used to purchase law books and supplements for existing courts?

3. Can the County donate those law books currently being used by existing courts to the County Law Library?

4. Can County Law Library Funds be used to purchase existing books currently used by established courts to increase the inventory of the Law Library Fund?

5. Does the ownership of those books purchased by the Law Library Fund as well as those purchased by County funds for existing courts rest with the County?

Article 1702h, V.T.C.S., authorizes a county commissioners court to establish and maintain a county law library. This statute has been construed previously to permit branch law libraries within the county. Attorney General Opinion H–1246 (1978). Section 4 of article 1702h permits the assessment in civil cases of a law library fee not to exceed ten dollars. Dallas County collects a three dollar fee. The proceeds of these fees constitute the County Law Library Fund and may be used solely for county

law library purposes.   Secs. 4, 8.   That portion of the law library's collection which is supported by the County Law Library Fund must be located "in a place convenient and accessible to the Judges and litigants in such county." Sec. 7.  The commissioners court may delegate management of the library to a committee whose acts are subject to the approval of the court.  Sec. 5.

We believe that the intention of this statute is to guarantee that when a law library fee is collected, the library needs of both the judges and the litigants will be met.  While it may be possible to locate some materials in or near a judge's office, the materials must be accessible to litigants as well.  Thus, we do not believe that the law library fund can be used to purchase library materials for the exclusive use of judges.

The inventory of the county law library, whether purchased with general revenues or with the Law Library Fund, is owned by the county.  Cf. Sec. 3 (county has title to library bequests).   The commissioners court in its reasonable discretion may transfer books currently being used by the existing courts to the county law library.  See Milam County v. Bateman, 54 Tex. 153 (1880); Dodson v. Marshall, 118 S.W.2d 621 (Tex. Civ. App. — Waco 1938, writ dism'd); V.T.C.S. art. 1702h, § 2; Cf. Attorney General Opinions C–75 (1963); V–40 (1947).   But see V.T.C.S. art. 3899b, § 1.   Although the commissioners court may transfer books to the county law library collection, we do not believe that the county may use the County Law Library Fund to buy books already owned by the county which had been purchased with general funds.  Such a transaction would in substance merely transfer funds from the limited-purpose County Law Library Fund to the general fund of the county in violation of sections 4 and 8.   See Attorney General Opinion H–1062 (1977); V.T.C.S. art. 1630.

## SUMMARY

Under article 1702h the County Law Library Fund may be expended only for library purposes and for the needs of judges and litigants. The fund may not be used to buy books owned by the county.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by David B. Brooks
and Bruce Youngblood
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Rick Gilpin
William G Reid
Bruce Youngblood