

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 11, 1991

Honorable Travis S. Ware
Criminal District Attorney
Lubbock County
P. O. Box 10536
Lubbock, Texas 79408-3536

Opinion No. DM-67

Re: Operation of a jail commissary under section 351.0415 of the Local Government Code (RQ-148)

Dear Mr. Ware:

You ask several questions about the operation of a jail commissary under section 351.0415 of the Local Government Code. Section 351.0415(a) provides as follows:

> The sheriff of a county with a population of under 1,000,000 according to the last federal census may operate, or contract with another person to operate, a commissary for the use of the prisoners committed to the county jail. The commissary must be operated in accordance with rules adopted by the Commission on Jail Standards.

The sheriff has exclusive control of the commissary funds and is to maintain commissary accounts showing the amount of proceeds from the commissary operation and the amount and purpose of disbursements made from the proceeds. *Id.* subsec. (b). Subsection (c) sets out the purpose for which the sheriff may use "commissary proceeds." The county auditor has authority to examine "jail commissary accounts." *Id.* subsec. (d). *See generally* Attorney General Opinions DM-19 (1991); JM-1121 (1989); MW-439 (1982); MW-143 (1980); C-67 (1963); Letter Opinion LO-90-42 (1990).

You describe a situation in which the sheriff has contracted with a third party for the operation of a jail commissary, and you ask several questions about the application of section 351.0415 in that context. Your first question is whether the commissioners court has any authority in regard to the terms and conditions of such a contract.

Generally, the sheriff does not have authority to contract for the county. *Anderson v. Wood*, 152 S.W.2d 1084 (Tex. 1941); Attorney General Opinion DM-19. In this case, however, the legislature has given the sheriff express authority to enter into a contract for the operation of a jail commissary. The commissioners court has no authority to control the sheriff's exercise of discretion in this regard. *See generally* Attorney General Opinions JM-1121 (1989); MW-439 (1982); H-1190 (1978). The sheriff must, of course, exercise his discretion in accordance with the constitution and with his statutory authority.

A significant limitation on the sheriff's authority to contract is the prohibition in article III, section 51, of the Texas Constitution on the donation of public funds or property. That provision does not prohibit the sheriff from contracting with a private party to operate a jail commissary, but it does require that the county obtain an adequate *quid pro quo*. *Dodson v. Marshall*, 118 S.W.2d 621, 624 (Tex. Civ. App.--Waco 1938, writ dism'd). You state that the lease in question requires the operator to provide television sets and to pay 50 cents per square foot annually for the space used to house the commissary. Whether this particular contractual arrangement satisfies article III, section 51, is a fact question, which we cannot resolve in the opinion process.

You also ask whether the operator's payments to the sheriff are "commissary proceeds" that must be used for the benefit of inmates. Section 351.0415 makes clear that any money the sheriff receives that is attributable to the operation of the commissary is to be used for the benefit of inmates. *See generally* Attorney General Opinion MW-439 at 4.

Your third question is whether the county auditor may review the accounts maintained by the commissary operator. Subsection (b) of section 351.0415 provides that the sheriff has exclusive control of the commissary funds and that the sheriff is to maintain commissary accounts showing the amount of proceeds from the commissary operation and the amount and purpose of disbursements made from the proceeds. Subsection (d) provides as follows:

> At least once each quarter of a county's fiscal year, or more often if the county auditor desires, the auditor shall, without advance notice, fully examine the jail commissary accounts. The auditor shall verify the correctness of the accounts and report

the findings of the examination to the commissioners court of the county at its next term beginning after the date the audit is completed.

Taken together, those provisions establish the county auditor's right of access to records showing the amount of money taken in by the commissary and the disbursements from that money. The county auditor cannot be denied access to such records, even if they are actually maintained by the commissary operator. The county auditor would have no right to inspect other records of the operator.

## SUMMARY

The county commissioners court may not interfere with the sheriff's exercise of discretion in contracting for the operation of a jail commissary under section 351.0415 of the Local Government Code. Any funds the sheriff receives that are attributable to the operation of the commissary are to be used for the benefit of inmates in accordance with section 351.0415. The county auditor is authorized to review commissary accounts, even if the accounts are maintained by the operator of the commissary.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General