OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



September 28, 1999

Ms. Raymie Kana
Colorado County Auditor
Courthouse - Third Floor
Columbus, Texas 78934

Opinion No. JC-0119

Re:   Whether a county attorney may refuse to offer pretrial diversion to an offender unless $1,500 is paid to a nonprofit organization incorporated by the county attorney and assistant county attorneys, and related questions   (RQ-0058-JC)

Dear Ms. Kana:

You ask whether a county attorney may condition pretrial diversion for an offender upon a "grant" of money to a nonprofit organization incorporated by the county attorney and assistant county attorneys. A prosecutor may not require an offender to make a contribution to a nonprofit organization in exchange for the prosecutor's decision to refrain from prosecution in any case. Tex. Att'y Gen. Op. No. JC-0042 (1999) at 3. Likewise, a county attorney may not condition an offer of pretrial diversion upon a grant of money from the offender to a nonprofit organization incorporated by the county attorney and assistant county attorneys. In light of this answer, we do not consider another question you ask: whether the county attorney's office may control monies received from offenders to participate in pretrial diversion.

You also ask whether a county attorney may use his or her official county office address as the registered office of the nonprofit organization. In short, the county attorney may not unless the county commissioners court has approved the use of the office space for this purpose.

Your letter to this office indicates that the Colorado County Attorney uses a pretrial diversion contract that requires an offender to "grant" $1,500 "to Offenders, Inc., a non-profit organization dedicated to economically enhanc[ing] Colorado County law enforcement, charity and other worthwhile organizations of the community that crime has an impact upon." Letter from Ms. Raymie Kana, Colorado County Auditor, to Honorable John Cornyn, Attorney General (Apr. 22, 1999) (on file with Opinion Committee) [hereinafter Request Letter]; Pre Trial Diversion Contractual Agreement 2. The specific and primary purposes for which the Offenders Support Group, Inc., is organized are "lessen[ing] the burden of government and lessen[ing] neighborhood tensions through education and charitable activities in Colorado County, Texas." Articles of Incorporation of Offender's Support Group, Inc., art. 4, § 1 (Nov. 18, 1997) (on file with Opinion Committee) [hereinafter Articles of Incorporation]. Offenders, Inc., a/k/a "Offender's Support Group, Inc.," was incorporated by the Colorado County Attorney and his two assistant county

attorneys, although we do not understand that they were acting in their official capacities. Request Letter, *supra*, at 1; *see also* Articles of Incorporation, *supra*, at art. 7. The assistant county attorneys and the spouse of the county attorney's office manager serve as three of the four members of the board of directors of Offenders, Inc. Request Letter, *supra*, at 1; *see also* Articles of Incorporation, *supra*, at art. 6. Finally, the organization's bylaws list the Colorado County Courthouse as the location of the registered office. Request Letter, *supra*, at 1; *see also* Articles of Incorporation, *supra*, at art. 5; By-Laws of Offender's Support Group, Inc., A Non-Profit Corporation, art. 1.01 (Jan. 12, 1998) (on file with opinion Committee) [hereinafter Bylaws].

You ask first whether the county attorney may refuse to offer pretrial diversion to an offender unless $1,500 is paid to a nonprofit organization incorporated by the county attorney and his two assistant county attorneys. A prosecutor may not require an offender to make a contribution to a private entity in consideration of the prosecutor's decision not to prosecute in any circumstance:

> We conclude as a matter of law that a prosecutor may not agree with an offender to refrain from filing a complaint or information in exchange for the offender's contribution to a designated organization. We are not aware of any statute that generally permits a prosecutor to exact a donation from an offender, and you do not cite to any. Moreover, because of the potential for abusing such a practice, we are reluctant to imply authority in the absence of legislation expressly approving the practice.

Tex. Att'y Gen. Op. No. JC-0042 (1999) at 3. Thus, the county attorney may not condition an offender's participation in a pretrial diversion program upon a gift of $1,500 to a nonprofit entity, regardless of the identity of the incorporators. *See id.*

Section 45.145(b) of the Government Code supports our conclusion. *See* TEX. GOV'T CODE ANN. § 45.145(b) (Vernon Supp. 1999). That section authorizes the Colorado County Attorney to "accept gifts or grants from any individual . . . for the purpose of financing or assisting the operation of the office of county attorney in Colorado County." *Id.* Implicitly, the county attorney may not accept gifts or grants for purposes other than operating the county attorney's office. The purposes for which Offenders, Inc. was incorporated do not appear to directly finance or assist "the operation of the" Colorado County Attorney's office. Even if the organization finances the operation of the county attorney's office, a prosecutor may not, under any circumstances, condition participation in a pretrial diversion program upon a contribution to a nonprofit entity. *See* Tex. Att'y Gen. Op. No. JC-0042 (1999) at 1.

In light of our response to your first question, we need not answer your third question: Whether the county attorney's office may control funds received from offenders in accordance with a pretrial diversion agreement. Obviously, the county attorney's office may not receive such funds.

We turn to the remaining question: Whether the county attorney may use his official county office address as the registered office of the nonprofit organization he has incorporated. The Articles of Incorporation and the Bylaws list the street address of the registered office as 400 Spring Street, Columbus, Texas. *See* Articles of Incorporation, *supra*, at art. 5; Bylaws, *supra*, at art. 1.01. We assume this address is the same as that of the county attorney's office.

The registered office is important not just for reasons of service of process, but also as a repository of business and financial information and as the default location for meetings. Each nonprofit corporation in this State must have and maintain a registered office that may, but need not, be the same as the corporation's principal office. TEX. REV. CIV. STAT. ANN. art. 1396-2.05(1) (Vernon 1997). Process, notice, or demand must be attempted to be served on the corporation's registered agent at the registered office. *See id.* art. 1396-2.07(B). The corporation must keep a list of the names and addresses of its members entitled to vote at either the registered office or the principal office in this State. *See id.* art. 1396-2.23(A). Additionally, the corporation must keep all records, books, and annual financial reports at the registered office or principal office in this State. *See id.* art. 1396-2.23A(C). Finally, members of the corporation must meet at least annually at the corporation's registered office, unless the corporation's bylaws specify another location. *See id.* art. 1396-2.10(A).

Based upon the Texas Non-Profit Corporation Act, Revised Civil Statutes articles 1396-1.01 through -11.01 (Vernon 1997 & Supp. 1999), and Offenders, Inc.'s bylaws, we assume that Offenders, Inc. accepts service of process and other documents, retains records as required by law, and may hold meetings at the registered office. Although Offenders, Inc. is a non-member corporation and its members need not meet annually at the registered office, its bylaws direct that the organization's board of directors meetings will be held "at the principal office," without designating any office other than the registered office. *See* Bylaws, *supra*, at art. 3.05. We are not informed that Offenders, Inc.'s principal place of business differs from its registered office.

The county attorney may not use county office space as the nonprofit corporation's registered office unless the county commissioners court has approved the use of county space for the purpose. The county commissioners court is charged with providing, maintaining, and regulating the use of the county courthouse and other county buildings. *See* TEX. LOC. GOV'T CODE ANN. §§ 291.001(1), (3), .003 (Vernon 1988); *Dodson v. Marshall*, 118 S.W.2d 621, 623 (Tex. Civ. App.–Waco 1938, writ dism'd); *see also* Tex. Att'y Gen. Op. No. DM-183 (1992) at 3 (concluding that county commissioners court is authorized to regulate smoking in county buildings). The commissioners court, in its discretion, may allow the county attorney to use his courthouse office space as the registered address for Offenders, Inc. if the court finds that (1) the nonprofit entity's use of the space will not interfere with the courthouse's official use; and that (2) locating the nonprofit entity in the courthouse is necessary to the convenience of county employees or to members of the public who transact business in the courthouse. *See* Tex. Att'y Gen. Op. No. MW-200 (1980) at 2; Tex. Att'y Gen. LO-98-091, at 1, 2-3. Both of these issues require the resolution of fact questions, and they are, therefore, beyond the purview of the opinion process. *See* Tex. Att'y Gen. LO-98-091, at 3.

If the county commissioners court approves the nonprofit organization's use of county space, the county normally must receive consideration from the organization. The county commissioners court cannot gratuitously grant the use of public property to a private entity. *See* TEX. CONST. arts. III, § 52; XI, § 3; *see also* Tex. Att'y Gen. Op. Nos. JC-0016 (1999) at 3; MW-373 (1981) at 9. But the county is not required to charge rent if the commissioners court determines that Offenders, Inc.'s gratis use of the space serves a public purpose and that the use of the space is sufficiently controlled to ensure the accomplishment of the public purpose. *See* Tex. Att'y Gen. Op. Nos. JC-0011 (1999) at 2-3 (stating that constitution does not bar governmental grant to private interest in all cases); MW-373 (1981) at 9 (determining that University of Texas may grant use of public space to Law School Foundation in certain circumstances); MW-200 (1980) at 2 (stating that county commissioners court need not collect rent for use of courthouse space by county employees' credit union if court determines substantial benefit will derive from having easily accessible credit union). This determination is one for the commissioners court to make in the first instance, subject to judicial review if challenged. *See* Tex. Att'y Gen. Op. No. MW-373 (1981) at 9.

## S U M M A R Y

A county attorney may not condition an offer of pretrial diversion upon a payment of $1,500 by the offender to a nonprofit organization incorporated by the county attorney and his assistant county attorneys.

A county attorney may use the official county office address as the registered office of a nonprofit organization incorporated by the county attorney and assistant county attorneys if the county commissioners court determines that such a use of county space will serve a public purpose and is necessary to the convenience of county employees or of members of the public who transact business in the county facility. The nonprofit organization must pay rent unless the commissioners court determines, in addition, that adequate controls are in place to ensure the accomplishment of the public purpose.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee