

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

January 3, 2017

Mr. William E. Tye
Bowie County Auditor
Bowie County Courthouse
710 James Bowie Drive
New Boston, Texas 75570

Opinion No. KP-0126

Re: Authority of a district attorney to use forfeiture funds for certain purposes
(RQ-0116-KP)

Dear Mr. Tye:

You ask about the authority of a district attorney to use forfeiture funds of the attorney's office for certain purposes.[1] Specifically, you ask whether the Bowie County District Attorney ("District Attorney") may use the funds to purchase carpet for a county-owned building, and whether the District Attorney must obtain the commissioners court's permission to do so. Request Letter at 1. Although information you submitted indicates that the District Attorney plans to use the funds to replace carpet on the second floor of the Bowie County Plaza in Texarkana, Texas, you do not inform us how the County utilizes that area. *See* Request Letter at 1 and Attachment.

Article 59.06 of the Code of Criminal Procedure governs the disposition of asset forfeiture funds. *See* TEX. CODE CRIM. PROC. art. 59.06. The attorney representing the State administers all forfeited property "in accordance with . . . the provisions of any local agreement entered into" with law enforcement agencies. *See id.* art. 59.06(a).[2] Under such an agreement, the attorney representing the State must deposit forfeiture proceeds, after deducting certain costs, into one or more of four special funds, including a fund "for the benefit of the office of the attorney representing the state, to be used by the attorney solely for the official purposes of his office." *Id.* art. 59.06(c)(1). An expenditure from the attorney's fund

> is considered to be for an official purpose of an attorney's office if the expenditure is made for an activity of an attorney or office of an attorney representing the state that relates to the preservation,

---

[1]Letter and attachment from Mr. William E. Tye, Bowie Cty. Auditor, to the Op. Comm, Office of the Tex. Att'y Gen. at 1 (June 20, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter" and "Attachment").

[2]*See* TEX. CODE CRIM. PROC. art. 59.01(1) (defining "attorney representing the state" as "the prosecutor with felony jurisdiction in the county in which a forfeiture proceeding is held"); TEX. GOV'T CODE § 44.119(a) (providing that the "criminal district attorney of Bowie County shall represent the state in all cases" in the courts of the county and "shall perform all other duties required of district and county attorneys under general law").

enforcement, or administration of the laws of this state, including an expenditure made for:

. . .

> (7) facility costs, including . . . remodeling and renovating, [and] maintenance . . . ;

*Id.* art. 59.06(d-4)(7).   Whether a particular expenditure is authorized under article 59.06 is ultimately a question of fact that cannot be answered in an attorney general opinion. *See* Tex. Att'y Gen. Op. No. KP-0088 (2016) at 3–4.  On particular facts, however, the purchase of carpet for a county building could be a permissible use of an attorney's forfeiture fund as remodeling and renovating facility costs to the extent that the expenditure relates to the official purposes of the attorney's office.

Article 59.06, subsection (d) authorizes the attorney representing the State to spend proceeds from the fund after submitting to the commissioners court a budget for the expenditure of the proceeds. *Id.* art. 59.06(d).  Also, the attorney representing the State must account for specific expenditures in an annual audit performed by the commissioners court.   *Id.* art. 59.06(g)(1).   But article 59.06 requires an attorney representing the State to obtain the commissioners court's approval of an expenditure only when the attorney will not be a candidate for reelection under certain circumstances. *Id.* art. 59.06(d-1)(6).  Subsection (d-1)(6) would not have been necessary if the attorney representing the State was required to obtain commissioners court approval in all circumstances.  Accordingly, an attorney representing the State ordinarily need not seek permission from the commissioners court to expend funds for purposes otherwise authorized under article 59.06. *See In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 283 (Tex. 2016) (stating that courts "must not interpret the statute in a manner that renders any part of the statute meaningless or superfluous" (quotation marks omitted)); *cf.* Tex. Att'y Gen. Op. No. JM-313 (1985) at 13 (determining that a county attorney, district attorney, or criminal district attorney may expend from the "hot check" fund to purchase carpet without obtaining approval of commissioners court).

Nevertheless, the commissioners court has the duty and authority to provide and maintain the county courthouse and offices for county officials. TEX. LOC. GOV'T CODE § 291.001; *see also In re El Paso Cty. Comm'rs Ct.*, 281 S.W.3d 16, 23–24 (Tex. App.—El Paso 2005, no pet.) (noting that the commissioners court is vested with broad discretion with respect to repairing and remodeling the courthouse).  A county officer may not act in derogation of such authority vested in the commissioners court. *See* Tex. Att'y Gen. Op. No. KP-0111 (2016) at 4 (noting that just as a commissioners court may not usurp or unreasonably interfere with a county officer's core duties, a county official "may not frustrate the commissioners court in the performance of its responsibilities").  Accordingly, a district attorney may exercise authority to obtain carpet for areas of a county building only to the extent that doing so does not usurp or interfere with the county commissioners' authority with respect to county buildings. *See Dodson v. Marshall*, 118 S.W.2d 621, 623 (Tex. Civ. App.—Waco 1938, writ dism'd) (noting that a commissioners court has "at least implied authority to regulate the use [of county offices] within reasonable bounds").

## S U M M A R Y

Article 59.06 of the Code of Criminal Procedure authorizes a district attorney to expend forfeiture funds solely for an official purpose of the attorney's office, which may include expenditures for facility costs such as remodeling, renovating, and maintenance. A district attorney may expend such funds on carpet for a county-owned building to the extent it serves an authorized purpose of the attorney's office. A district attorney need not seek permission of the commissioners court to expend forfeiture funds for such an authorized purpose, provided that the expenditure does not usurp or unreasonably interfere with the county commissioners' authority with respect to county buildings.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee